## S03Y0622. IN THE MATTER OF WILLIAM HENRY TOLER III.
(576 SE2d 898)

PER CURIAM.

This disciplinary matter is before the Court pursuant to Respondent William Henry Toler III's Petition for Voluntary Discipline which was filed pursuant to Bar Rule 4-227 (b) (2) prior to the issuance of a Formal Complaint. In his petition, Respondent admits violating Rules 1.3, 3.2, 3.5 (c) and 8.4 (a) (4) of the Georgia Rules of Professional Conduct set forth in Bar Rule 4-102 (d). Although violations of Rules 1.3 and 8.4 (a) (4) are punishable by disbarment, Respondent requests the imposition of a one-year suspension.

Respondent, who has been a member of the Bar since 1991, admits that, on February 6, 2002 at 9:00 a.m., he was supposed to appear before a State Court judge to represent clients in two criminal cases. He admits that he had previously submitted a conflict letter to the court that inaccurately stated that he was a sole practitioner. Instead of appearing to represent his clients, another attorney, who identified himself as Respondent's associate, appeared for the State Court matters. Respondent's associate was incapable of proceeding in

the matters without supervision and asked the State Court judge to hold the criminal cases pending Respondent's anticipated arrival around 11:00 a.m. In the meantime, Respondent's receptionist submitted a second conflict letter to the State Court judge claiming Respondent was to appear in municipal court that morning. Respondent did not know his receptionist had submitted the second conflict letter and did not appear in municipal court as claimed. When Respondent finally arrived at the State Court at approximately 11:30 a.m., the judge conducted a hearing and held Respondent in contempt. Based on these facts, we agree that Toler's actions violated Rules 1.3, 3.2, 3.5 (c) and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. In mitigation, we find that Toler has no prior disciplinary record, has cooperated with disciplinary authorities, was subject to the imposition of other penalties, and is remorseful.

Based on the record as a whole, we agree with the State Bar that a one-year suspension is an appropriate sanction in this case. Accordingly, Toler hereby is suspended for a period of one year. He is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.

*James E. Spence, Jr.,* for Toler.